**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PARIS WILLIAMS,** | : | **No. 3:26cv1510** |
| | : | |
| **Plaintiff** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **CHRIS CHERMAK, et al.,** | : | |
| | : | |
| **Defendants** | : | |

......................................................................................................................................

## MEMORANDUM

Plaintiff Paris Williams ("Williams"), an inmate currently housed at the Lackawanna County Prison, in Scranton, Pennsylvania, commenced this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Williams seeks to proceed in forma pauperis. (Doc. 2).

The complaint is presently before the court for preliminary screening. For the reasons set forth below, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

I.    **Allegations of the Complaint**

In the complaint, Williams names as defendants the following Lackawanna County Commissioners—Chris Chermak, Thom Welby, and Bill Gaughan. (Doc. 1).

Williams alleges that he is being held at the Lackawanna County Prison in violation of his right to due process. (Id. at 3). He alleges that defendants are "in control of what is going on and what is taking place within the county as well as what is happening in the Lackawanna County court house." (Id.). Williams also alleges that there was a Rule 600 violation in his underlying criminal case. (Id.).

For relief, Williams seeks "700 million dollars" and requests that defendants be removed from their positions. (Id. at 4).

## II.    **Legal Standard**

The court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e)(2), or 42 U.S.C. § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Brodzki v. Tribune Co., 481 F. App'x 705, 706 (3d Cir. 2012) (per curiam); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

In deciding a Rule 12(b)(6) motion to dismiss, the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Second, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Finally, once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 556 (2007)); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## III.   Discussion

### A.   Administrative Exhaustion

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983…by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Stated differently, the exhaustion of available administrative remedies is a prerequisite for a prisoner asserting a claim under Section 1983 regarding their prison conditions. See Rinaldi v. United States, 904 F.3d 257, 265 (3d Cir. 2018); see also Ross v. Blake, 578 U.S. 632, 638 (2016) (reiterating that the PLRA's "language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies" (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006))); Jones v. Bock, 549 U.S. 199, 211 (2007) (stating that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be

4

brought in court" (citation omitted)); <u>Booth v. Churner</u>, 532 U.S. 731, 733-34 (2001) (stating that the PLRA "now requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions" (quoting 42 U.S.C. § 1997e(a))).

"The PLRA requires proper exhaustion, meaning 'complet[ing] the administrative review process in accordance with the applicable procedural rules.'" <u>Downey v. Pa. Dep't of Corr.</u>, 968 F.3d 299, 305 (3d Cir. 2020) (alteration in original) (quoting <u>Woodford</u>, 548 U.S. at 88). "These procedural rules are supplied by the individual prisons." <u>Downey</u>, 968 F.3d at 305 (citations omitted); <u>see</u> <u>also</u> <u>Spruill v. Gillis</u>, 372 F.3d 218, 222 (3d Cir. 2004) (stating that "the determination [of] whether a prisoner has 'properly' exhausted a claim…is made by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances"); <u>Jones</u>, 549 U.S. at 218 (explaining that "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim"); <u>Woodford</u>, 548 U.S. at 90 (indicating that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules"). A prisoner's failure to follow a prison's procedural rules will result in a procedural default of their claims. <u>See</u> <u>Spruill</u>, 372 F.3d at 230-32 (concluding that PLRA's exhaustion requirement includes procedural default component); <u>see</u> <u>also</u> <u>Drippe v. Tobelinski</u>, 604 F.3d

5

778, 781 (3d Cir. 2010) (pointing out that Spruill held "that the PLRA includes a procedural default component and the determination whether a prisoner properly exhausted a claim is made by evaluating compliance with the prison's specific grievance procedures").  A procedural default may be excused, however, if the prisoner can show that the administrative remedies were unavailable to them. See Rinaldi, 904 F.3d at 266 ("The PLRA requires only 'proper exhaustion,' meaning exhaustion of those administrative remedies that are 'available.'" (quoting Woodford, 548 U.S. at 93)).  "Available means capable of use; at hand." Small v. Camden Cnty., 728 F.3d 265, 271 (3d Cir. 2013) (internal citations and quotation marks omitted).  "An administrative remedy is unavailable when it 'operates as a simple dead end[,]…is so opaque that it becomes, practically speaking, incapable of use, or when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" Downey, 968 F.3d at 305 (alterations in original) (quoting Shifflett v. Korszniak, 934 F.3d 356, 365 (3d Cir. 2019)). "Although the availability of administrative remedies to a prisoner is a question of law, it necessarily involves a factual inquiry." Small, 728 F.3d at 271.

This court can sua sponte dismiss a complaint if a Section 1983 plaintiff concedes they failed to exhaust in their complaint.  Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002) (explaining that Booth v. Churner, 206 F.3d 289 (3d Cir.

6

2000) and <u>Nyhuis v. Reno</u>, 204 F.3d 65, 69 (3d Cir. 2000) both involved plaintiffs who "explicitly conceded their failure to exhaust administrative remedies," and the dismissals of the complaints in both cases "would...fall within a district court's inherent power to dismiss <u>sua</u> <u>sponte</u> a complaint which facially violates a bar to suit"); <u>see</u> <u>also</u> <u>Talley v. Clark</u>, 111 F.4th 255, 264 (3d Cir. 2024) ("[W]here a prisoner's failure to exhaust under the PLRA is 'apparent from the face of the complaint,' a district court may dismiss it on that basis." (quoting <u>Ray</u>, 285 F.3d at 297)).

Williams concedes in his complaint that he did not exhaust his administrative remedies prior to bringing the instant action.  (Doc. 1, at 2).  He does not assert that the grievance procedure was unavailable to him or that prison officials thwarted his attempt to exhaust.  The PLRA requires exhaustion prior to the initiation of a plaintiff's claims in federal court.  Because it is obvious from the face of the complaint that Williams failed to exhaust his administrative remedies, <u>sua</u> <u>sponte</u> dismissal of this action is appropriate.

In addition to Williams' failure to exhaust the available administrative remedies, his claims fail on other grounds, as set forth below.

B.    <u>Lack of Personal Involvement</u>

In order to plausibly state a claim under Section 1983, a plaintiff must allege that each defendant was personally involved in the act or acts that he

7

claims violated his federally protected rights.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct."  Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (citing Rode, 845 F.2d at 1207); Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (stating that "[p]ersonal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence'" (quoting Rode, 845 F.2d at 1207)).  Thus, in pursuing any Section 1983 claim against prison officials, a plaintiff may not rely solely on respondeat superior, see id. (citation omitted), which is a theory of liability that "arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm[,]" see Santiago, 629 F.3d at 128 (quoting Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 692 (1978)).

Allegations of personal involvement must be made with appropriate particularity in that the complaint must allege the particulars of conduct, time, place, and personal responsibility.  Evancho, 423 F.3d at 354; Rode, 845 F.2d at 1207-08.  Subsequent knowledge of an incident is insufficient to demonstrate that a state actor played an "affirmative part" in the alleged misconduct.  Rode, 845 F.2d at 1207-08 (the after-the-fact submission of a grievance is "simply

insufficient" to establish a defendant's knowledge of an underlying constitutional violation at the time it occurred). It is the plaintiff's burden to "show that each and every defendant was 'personal[ly] involve[d]' in depriving him of his rights." Kirk v. Roan, 2006 WL 2645154, at *3 (M.D. Pa. Sept. 14, 2006) (quoting Evancho, 423 F.3d at 353).

The complaint seeks to establish liability against Chermak, Welby, and Gaughan seemingly based on their roles as Lackawanna County Commissioners.[1] (Doc. 1).

First, Williams' claims against the defendants in their official capacities will be dismissed. To the extent that Williams seeks to set forth a municipal liability claim, a municipality may be liable under Section 1983 for a failure to train its employees, if the failure to train "amount[s] to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" Ekwunife v. City of Phila., 245 F. Supp. 3d 660, 670 (E.D. Pa. 2017), aff'd, 756 F. App'x 165 (3d Cir. 2018). Municipal entities may also be liable under Monell for the constitutional violations of their employees if the employees acted under "a municipal policy or custom that resulted in [the] alleged constitutional violations." Id. at 674 (internal citations omitted).

---

[1] Williams does not indicate whether he is suing the defendants in their individual or official capacities. However, it is apparent that Williams' attempt to establish liability against the defendants in either their individual or official capacities is subject to dismissal.

9

Williams does not state a claim against the County under <u>Monell</u>.  He offers no facts that defendants Chermak, Welby, and Gaughan caused an alleged constitutional violation through the County's customs, policies, practices, or procedures, or how these policies gave rise to the violation of his constitutional rights.  Additionally, Williams offers no allegations of a pattern of similar constitutional violations by untrained employees.

Second, with respect to any individual capacity claims, Williams failed to state a claim.  There are no allegations that the defendants were involved in the day-to-day operations of the prison.  Williams' general allegation that defendants are "in control of" all occurrences in Lackawanna County and at the Lackawanna County Courthouse is insufficient to establish their personal involvement in the purported wrongdoing.  (Doc. 1, at 3).  Because the complaint fails to plausibly allege any personal involvement by defendants Chermak, Welby, and Gaughan in the conduct underlying the Williams' Section 1983 claim, it is appropriate to dismiss this action against the defendants for failure to state a claim upon which relief can be granted.  <u>See e.g.</u>, <u>Williams v. Toomey</u>, 808 F. App'x 66, 69 (3d Cir. 2020) (affirming district court order dismissing civil rights complaint and finding that inmate-plaintiffs "failed to state that any of the individual Cumberland County Commissioners were personally involved in the alleged civil rights violations").

C.    The Court will Abstain from Addressing Williams' Ongoing State Criminal Prosecution

Williams alleges that there was a Rule 600 violation in his ongoing state criminal prosecution. (Doc. 1, at 3). To the extent that Williams seeks relief in his state court criminal case, the court must abstain from granting any such requested relief.

In Younger v. Harris, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." Yang v. Tsui, 416 F.3d 199, 202 (3d Cir. 2005) (discussing Younger, 401 U.S. 37 (1971)). The Younger Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." Younger, 401 U.S. at 43. Younger abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005)).

Notably, even when all requirements are met, abstention is "not appropriate" when the following extraordinary circumstances exist: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or

11

(2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute..." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. Loftus v. Twp. of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

It is evident from the complaint and the state court electronic docket sheet that, at the time he filed this action, Williams was involved in ongoing criminal proceedings which implicate important state interests and was actively engaged in defense of those proceedings. (See Doc. 1, at 3; see also Commonwealth v. Williams, CP-35-CR-0002107-2025 (Pa. Ct. Com. Pl. Lackawanna Cnty.)). Because he has relief available at the state court level, there is an absence of extraordinary circumstances that would warrant the intervention of a federal court. Thus, out of deference to the state judicial process, it is appropriate to decline Williams' invitation to address the criminal proceedings against him. Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992).

## IV.    Leave To Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint.

12

See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).  Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).  Based on the facts alleged in the complaint, and because Williams admittedly failed to exhaust his administrative remedies prior to initiating this action, the court concludes that granting leave to amend at this time would be a futile endeavor.[2]

## V.    **Conclusion**

Consistent with the foregoing, the court will dismiss the complaint for failure to state a claim in accordance with 28 U.S.C. § 1915A(b)(1).

An appropriate order shall issue.

Date: June ___, 2026

JUDGE JULIA K. MUNLEY
United States District Court

---

[2]  If Williams fully exhausts the administrative remedy process, he may move to reopen this action and submit a proposed amended complaint in an attempt to overcome the deficiencies noted in this memorandum.

13